IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL ELECTRICAL BENEFIT FUND, : CIVIL ACTION
by its Trustees, Salvatore J. Chilia and :
D.R. Borden, Jr. :
:
   v. :
:
FJM ELECTRICAL CONSTRUCTION, LLC : NO. 13-3057

MEMORANDUM

RESTREPO, J.                                                                                       NOVEMBER 4, 2015

By Order filed September 4, 2014, the Court granted the motion of plaintiff, National Electrical Benefit Fund ("NEBF"),[1] by its Trustees, Salvatore J. Chilia and D.R. Borden, Jr., for Default Judgment, and Default Judgment was entered in favor of plaintiff and against defendant, FJM Electrical Construction, LLC, in the amount of $28,017.62 (consisting of $15,342.60 in unpaid contributions to NEBF due for the period of January 1, 2010 through January 31, 2013, $5,207.97 in interest, $6,763.01 in liquidated damages, and $704.04 in audit costs),[2] see Order filed 9/4/14 (Doc. 18) ¶¶ 1-2. In that defendant had failed to submit required monthly payroll reporting forms since February 2013, see Loughran Aff. ¶ 15, defendant was further directed to

---

[1] The NEBF is a multi-employer employee pension benefit plan established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). Employers agree to participate in the NEBF pursuant to collective bargaining agreements ("CBAs") with the IBEW or one or more of its affiliated local unions. See Aff. of Lauren Loughran, NEBF Dir. of Audit and Delinquencies, filed 5/2/14, ¶ 3 (attached to Pl.'s Mot. for Default J.) (ECF Document 17-1).

[2] Defendant is an employer that agreed to contribute to the NEBF by becoming signatory to CBAs with IBEW Local Union 98. See Loughran Aff. ¶ 4. Despite that obligation, an audit of defendant's payroll records revealed a contribution shortage on the part of defendant for work performed by defendant's covered employees. Id. ¶¶ 9-11.

make its payroll books and records available to plaintiff for purposes of an audit to determine the amount of delinquent contributions to the NEBF from February 1, 2013 up to and including the date of the audit.  *See* Order 9/4/14, ¶ 3.

On October 7, 2014, following the audit, in compliance with the Court's Order plaintiff filed a Verified Statement of Amounts Due to Plaintiff (Doc. 19), which includes a sworn statement of NEBF's Director of Audit & Delinquencies and attached supporting exhibits indicating that for the audit period February 2013 through August 2014, defendant owes NEBF $54,790.80 (consisting of $38,334.94 in unpaid contributions, $7,666.99 in liquidated damages, $2,821.81 in interest, $5,009.06 in attorneys fees, $413.00 in audit fees, and $545.00 in costs).  Defendant has not filed a response to plaintiff's Verified Statement.[3]  Plaintiff also requests additional attorneys fees for time expended subsequent to the filing of plaintiff's Verified Statement in the amount of $2,325.00, as well as an additional $125 for a process serving cost.  *See* Pl.'s Ex. 2 (itemized timeslips) & Ex. 3 (Pl.'s Counsel's Decl. dated 10/19/15) (attached to Pl.'s Mot. for Att'y Fees and Costs) (Doc. 25); Process Service Invoice 6/10/15 (Doc. 25-1).

Pending before the Court is plaintiff's Motion to Amend Default Judgment (Doc. 24) and plaintiff's Motion for Attorneys Fees and Costs (Doc. 25).  Plaintiff represents that since the grant of Default Judgment in favor of plaintiff in the amount of $28,017.62 (representing the amount plaintiff owed up to January 31, 2013), *see* Order filed 9/4/14 (Doc. 18) ¶¶ 1-2, defendant has satisfied that judgment.[4]  *See* Pl.'s Mot. to Amend Default. J. (Doc. 24) at 2 ("The

---

[3]The Sept. 4, 2014 Order provided that "Defendant shall have 10 days from the date of service to respond to plaintiff's filing."  *See* Order filed 9/4/14, ¶ 4.

[4]By Order filed Sept. 30, 2015 (Doc. 23), the Court granted plaintiff's Petition for Turnover of Funds (Doc. 22) and directed Fulton Bank to turn over the amount of the Default

portion of the earlier judgment requiring payment of the $28,017.62 then outstanding is satisfied.").

Therefore, plaintiff requests that the Court amend the Default Judgment to reflect that plaintiff now owes the remaining outstanding unpaid contributions to the NEBF, liquidated damages, and costs and fees. *Id.* at 2. In particular, plaintiff requests that the Court amend the Default Judgment to reflect that although defendant has satisfied the previous $28,017.62 that it owed plaintiff, Default Judgment be granted in favor of plaintiff in the amounts detailed in plaintiff's aforementioned Verified Statement of Amounts Due (Doc. 19) in addition to costs and fees for time expended in this matter subsequent to the filing of plaintiff's Verified Statement. *See* Pl.'s Br. Supp. Mot. to Amend Order and J. 2-3. Plaintiff supports its request with a Verified Statement of Amounts Due, a verified Declaration in support of the requested attorneys fees and costs, and other supporting documentation indicating that the fees and costs requested are reasonable.[5]

---

Judgment to the NEBF Trustees, minus the minimum amount of attorney fees deducted pursuant to 42 Pa. C.S.A. § 2503.

[5]Under Section 515 of the Employee Retirement Income Security Act ("ERISA"), an employer who is obligated to make contributions to a multi-employer benefit plan under a CBA must make payments pursuant to the terms and conditions under the agreement. 29 U.S.C. § 1145; *see Teamsters Hlth. & Welfare Fund of Phila. v. J & F Produce, Inc.*, 2009 WL 806375, *2 (D. N.J. 2009). In the event that an employer fails to make contributions in violation of the CBA, the Court may award the plan: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the (a) interest on the unpaid contributions, or (b) liquidated damages; (4) reasonable attorneys fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. *Id.* (citing 29 U.S.C. § 1132(g)). Before entering a default judgment, a court should consider the existence of "prejudice to the plaintiff if default is denied," as well as "whether the defendant appears to have a litigable defense." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Here, plaintiff will be prejudiced if no default judgment is entered. Under ERISA, benefit plans are required to pay benefits and pension credits to vested participants regardless of whether employers have "live[d] up to their

Accordingly, plaintiff's Motion to Amend Default Judgment (Doc. 24) and Motion for Attorneys Fees (Doc. 25) are granted. An appropriate Amended Order and Judgment follows.

---

obligations" of contribution. *Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310, 314 (2d Cir. 1990); *see also* 29 C.F.R. § 2530.200b-2(a) ("a payment shall be deemed to be made by . . . an employer regardless of whether such payment is made by . . . the employer"). Thus, here, even if defendant does not make the required contributions, plaintiff will still be held accountable for paying vested participants. Furthermore, defendant has filed neither a responsive pleading nor a response to plaintiff's Verified Statement of Amounts Due, and the record before the Court does not reveal any "litigable defense." Therefore, a default judgment in favor of plaintiff and against defendant is warranted.